MAYER BROWN LLP
John Nadolenco (SBN 181128)
350 South Grand Avenue
25th Floor
Los Angeles, CA 90071-1503
Telephone: (213) 229-9500
jnadolenco@mayerbrown.com

Lauren R. Goldman (*pro hac vice*)
Michael Rayfield
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 506-2500
lrgoldman@mayerbrown.com
mrayfield@mayerbrown.com

*Counsel for Defendant Facebook, Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| CLAYTON P. ZELLMER, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FACEBOOK, INC.,<br><br>Defendant. | Case No. 3:18-cv-01880-JD<br><br>**DEFENDANT FACEBOOK, INC.'S MOTION FOR STAY**<br><br>Date: September 13, 2018<br>Time: 10:00am<br>Location: Courtroom 11<br><br>Hon. James Donato<br><br>[*Proposed Order filed concurrently herewith*] |

1 **NOTICE OF MOTION & MOTION**

2 TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

3 PLEASE TAKE NOTICE THAT, on September 13, 2018, at 10:00 a.m., before the Honorable James Donato, defendant Facebook, Inc. will and hereby does move this Court for a stay of all proceedings in this case pending the Ninth Circuit's resolution of *Gullen v. Facebook*, No. 18-15785. Facebook's motion is based on this notice of motion and motion, the memorandum of points and authorities that follows, the pleadings, papers, and other documents on file in this action, and such other evidence and argument presented to the Court at or prior to any hearing in this matter. Facebook does not request oral argument on this motion.

Facebook respectfully requests that this Court issue an order staying all proceedings in this case pending the Ninth's Circuit resolution of *Gullen v. Facebook*, No. 18-15785. In *Gullen*, the plaintiff is appealing this Court's denial of his motion for leave to amend his complaint to add Clayton P. Zellmer—the plaintiff in this action—as a named plaintiff in *Gullen*. The Ninth Circuit appeal cannot benefit Mr. Gullen himself, because his case suffers from a fatal flaw that cannot be fixed: He conceded that his claims were based solely on a photo that was never subjected to Facebook's facial recognition technology. Rather, it is Mr. Zellmer who stands to benefit if the Ninth Circuit permits Mr. Gullen's proposed amendment, because he will then be entitled to the discovery that has already been taken in the *Gullen* action and will get the benefit of this Court's rulings in Mr. Gullen's favor in that case. Facebook submits that it would conserve judicial resources to stay this case before duplicating the efforts that have been made in the *Gullen* action. The Court should grant this motion.[1]

## BACKGROUND

In 2015, three Facebook users filed a putative class action in this Court challenging Facebook's use of facial-recognition technology under Illinois' Biometric Information Privacy Act ("BIPA"). *In re Facebook Biometric Privacy Litig.*, No. 3:15-cv-03747 (N.D. Cal.). In 2016, Frederick Gullen, a non-user of Facebook, filed a similar lawsuit challenging Facebook's use of facial-recognition technology under BIPA. *Gullen v. Facebook, Inc.*, No. 3:16-cv-00937 (N.D. Cal). This Court deemed the two actions to be related. *Facebook Biometric* Dkt. 119.

On January 19, 2018—almost a year and a half after the deadline for amendments to pleadings—Mr. Gullen moved to amend his complaint to add Mr. Zellmer as a second named plaintiff. *Gullen* Dkt. 129. This motion reflected Mr. Gullen's recognition that, as discovery had revealed, his case suffered from a fatal flaw: there was no evidence that his face ever

---

[1] As this Court is aware, the Ninth Circuit has also granted Facebook's Rule 23(f) petition for an interlocutory appeal in *Patel v. Facebook, Inc.*, No. 18-15982 (9th Cir.), and stayed the proceedings in this Court pending resolution of that appeal. *Patel v. Facebook, Inc.*, No. 18-80053 (9th Cir.), Dkt. 24. *Patel v. Facebook, Inc.* is the caption the Ninth Circuit has given to Facebook's appeal of the class certification order in *Facebook Biometric*. The issues in that case will also likely have a significant impact on Mr. Zellmer's case. Accordingly, the Court should also stay Mr. Zellmer's case pending resolution of Facebook's 23(f) appeal in *Patel*.

appeared in a photo that was uploaded to Facebook from Illinois and subjected to facial recognition. The Court denied Mr. Gullen's request because he had failed to demonstrate the "good cause" required for late amendments under Rule 16(b). *Gullen* Dkt. 143. Shortly thereafter, the Court granted summary judgment in Facebook's favor based on the defect noted above. *Gullen v. Facebook*, 2018 WL 1609337, at *1-2 (N.D. Cal. Apr. 3, 2018).

Mr. Zellmer is represented by the same lawyer who represents Mr. Gullen. On March 27, 2018, Mr. Zellmer filed a complaint in this action that asserts the same theory as the *Gullen* complaint. Dkt. 1. He then filed a motion to consolidate his case with *Facebook Biometric*. *Facebook Biometric* Dkt. 331. The Court denied Mr. Zellmer's request. *Facebook Biometric* Dkt. 373. Under the protective order entered in the *Gullen* action, Mr. Zellmer is not entitled to any of the discovery that the parties exchanged in that case. *Gullen* Dkts. 54, 55.

On May 1, 2018, Mr. Gullen filed a notice of appeal of this Court's denial of his motion to amend and the Court's grant of summary judgment. *Gullen* Dkt. 170. The Ninth Circuit opened the case on May 2, 2018. *Gullen v. Facebook*, No. 18-15785 (9th Cir.). Mr. Gullen's opening brief is currently due on September 10, 2018.

## ARGUMENT

This Court has "the power to stay proceedings incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Accordingly, "a trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983). Similarly, "the Court retains inherent power to stay duplicative litigation in the interests of judicial economy." *Canal Properties LLC v. Alliant Tax Credit V, Inc.*, 2005 WL 1562807, at *3 (N.D. Cal. June 29, 2005) (citing *Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 625 (9th Cir. 1991)).

"In considering whether to exercise its discretion to grant a stay, a court should weigh three factors: '[1] the possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice.'"  *Matera v. Google Inc.*, 2016 WL 454130, at *1 (N.D. Cal. Feb. 5, 2016) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)).  All three of these factors weigh in favor of a stay in this case pending the Ninth Circuit's review of *Gullen*.

### A. No Damage Will Result If Mr. Zellmer's Case Is Stayed.

The first prong obviously favors a stay:  Mr. Zellmer's *preference* is to benefit from the more advanced *Gullen* action by taking advantage of the discovery that has already taken place and the rulings in Mr. Gullen's favor—rather than starting his claim from scratch.  Indeed, the *Gullen* action is unlikely to benefit Mr. Gullen himself, whose flawed claim cannot be cured on appeal.  The purpose of the *Gullen* appeal is to substitute Mr. Zellmer as the lead plaintiff and put him in Mr. Gullen's procedural shoes.  Courts have routinely stayed cases pending proceedings from which "[p]laintiffs may be able to benefit."  *In re Ormat Techs., Inc.*, 2011 WL 3841089, at *5 (D. Nev. Aug. 29, 2011).  That is the case here.

### B. Facebook Will Suffer Significant Hardship Absent A Stay.

If this case proceeds, Facebook will "suffer significant hardship . . . [including] engaging in expansive discovery and possibly class certification briefing [ ] that may be rendered moot and unnecessary" by the Ninth Circuit's decision in *Gullen*.  *Larroque v. First Advantage Lns Screening Sols., Inc.*, 2016 WL 39787, at *2 (N.D. Cal. Jan. 4, 2016).  And if the Ninth Circuit holds that Mr. Gullen should have been granted leave to amend his complaint to add Mr. Zellmer, after which Mr. Zellmer will presumably abandon his separate action, Facebook will have had to endure "duplicative litigation."  *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997).  Courts in this Circuit have routinely found that a stay is appropriate to avoid requiring a defendant "to go forward when duplicative or unnecessary litigation is likely."  *Rego v. Am. Honda Motor Co.*, 2012 WL 12953740, at *4 (C.D. Cal. Sept. 20, 2012).

### C. A Stay Will Promote Judicial Economy.

A stay will plainly ensure "the orderly course of justice" by promoting judicial economy. *United States v. Kiewit Pac. Co.*, 41 F. Supp. 3d 796, 815 (N.D. Cal. 2014) (considering "the judicial resources that would be saved by . . . avoiding duplicative litigation if the case before the court is stayed"); *Gustavson v. Mars, Inc.*, 2014 WL 6986421, at *3 (N.D. Cal. Dec. 10, 2014) ("In determining whether the third factor weighs in favor of a stay, considerations of judicial economy are highly relevant."); *Fuller v. Amerigas Propane, Inc.*, 2009 WL 2390358 at *2 (N.D. Cal. Aug. 3, 2009). "The Ninth Circuit's decision is likely to provide substantial guidance" and may "materially impact the Court's decisions in the instant case."[2] *Gustavson*, 2014 WL 6986421, at *3. The interests of judicial economy will be best served if this Court does not expend the resources required to resolve Mr. Zellmer's case, only to have to revisit its rulings depending on how the Ninth Circuit decides *Gullen* and *Patel*.

*       *       *

In short, all parties concerned will benefit from a stay: Mr. Zellmer will be able to pursue his first-choice option—entry into the *Gullen* action—and the parties and the Court will not have to undergo substantial duplicative litigation in the meantime.

## CONCLUSION

The Court should stay all proceedings in this case pending the Ninth Circuit's resolution of *Gullen v. Facebook*, No. 18-15785 (9th Cir.).

Dated: July 2, 2018                              MAYER BROWN LLP

By: */s/ John Nadolenco*
    John Nadolenco
    Lauren R. Goldman
    Michael E. Rayfield

*Counsel for Defendant Facebook, Inc.*

---

[2] The same is true of Facebook's pending 23(f) appeal before the Ninth Circuit in *Patel*.

4