MAYER BROWN LLP
Lauren R. Goldman (*pro hac vice*)
Michael Rayfield (*pro hac vice*)
1221 Avenue of the Americas
New York, NY 10016
(212) 506-2500
lrgoldman@mayerbrown.com
mrayfield@mayerbrown.com

Matthew D. Provance (*pro hac vice*)
71 Wacker Drive
Chicago, IL 60606
(312) 701-8598
mprovance@mayerbrown.com

COOLEY LLP
Michael G. Rhodes (116127)
Whitty Somvichian (194463)
101 California Street, 5th Floor
San Francisco, CA 94111
(415) 693-2000
rhodesmg@cooley.com
wsomvichian@cooley.com

Attorneys for Defendant Facebook, Inc.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| CLAYTON P. ZELLMER,<br><br>Plaintiff,<br><br>vs.<br><br>FACEBOOK, INC.,<br><br>Defendant. | Case No.: 3:18-cv-1880-JD<br><br>**DECLARATION OF LAUREN GOLDMAN IN SUPPORT OF DEFENDANT FACEBOOK, INC.'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL**<br><br>Date: July 8, 2021<br>Time: 10:00 a.m.<br>Location: Courtroom 11, 19th Floor<br>Judge: Hon. James Donato<br>Trial Date: April 11, 2022<br>Complaint Filed: March 27, 2018<br><br>Hon. James Donato |

1   I, Lauren Goldman, declare as follows:

2   1.   I am a partner at the law firm of Mayer Brown LLP, counsel for Defendant
3   Facebook, Inc. ("Facebook") in the above-captioned matter.  I am admitted *pro hac vice* to
4   practice law before this Court.

5   2.   I submit this Declaration in support of Defendant Facebook, Inc.'s Administrative
6   Motion to File Documents Under Seal that is being filed concurrently herewith pursuant to Local
7   Rules 7-11 and 79-5 and Paragraphs 25-31 of the Court's Standing Order for Civil Cases.
8   Unless otherwise stated, I have personal knowledge of the facts stated in this declaration.

9   3.   Facebook moves to maintain the confidentiality of certain documents that
10  confidential and commercially sensitive information about Facebook's face-recognition
11  technology and image-processing systems.

12  4.   Specifically, Facebook has moved to seal the following:

13      a. Portions of the Declaration of Gary McCoy.  These portions are located at
14         paragraphs 2-12 and 16;
15      b. Excerpts of deposition testimony given by Facebook employees Gary McCoy,
16         Yaniv Taigman, and Omry Yadan, attached as Exhibits 2, 3, and 4 to the
17         Declaration of Matthew D. Provance in Support of Defendant's Motion for
18         Summary Judgment ("Provance MSJ Declaration"), which have all been
19         designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only"
20         pursuant to the Stipulated Protective Order entered in this case; and
21      c. Portions of Facebook's Motion for Summary Judgment, true and correct copies of
22         which are attached hereto under their original titles, both in redacted and
23         highlighted form.  These discrete portions are located at:
               i.   Page 1, line 8;
              ii.   Page 2, lines 4-5;
             iii.   Page 5, lines 1-3, 8-11, 15-17, 21-26;
              iv.   Page 6, lines 1, 5-11, 21-22, 25-27;
               v.   Page 9, lines 23-24, 26-27;
              vi.   Page 10, lines 27-28;

      vii. Page 11, lines 19-23;

     viii. Page 12, lines 4-5;

       ix. Page 15, lines 5, 23-26;

        x. Page 16, lines 11-12;

       xi. Page 18, line 8; and

      xii. Page 20, lines 7-8.

5. The Ninth Circuit has held that sealing of dispositive motion papers is proper where the motion to seal is supported by "compelling reasons" like protecting trade secrets. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006).

6. In the Declaration of Gary McCoy filed concurrently with the motion to seal, McCoy has set forth additional reasons that explains why it is appropriate to maintain the narrowly limited redactions discussed in this declaration and grant the motion to seal. *See* McCoy Decl. ¶ 17.

**Declaration of Gary McCoy**

7. Paragraphs 2-12 and 16 of the McCoy Declaration contain information relating to the technical details of Facebook's face-recognition technology. Facebook has designated comparable information produced in other discovery as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Protective Order.

8. Facebook's compelling reasons to seal these records are detailed in paragraph 17 of the McCoy Declaration, namely, that public release of this information would cause Facebook harm by providing competitors with insight into how Facebook designs its computer systems and its proprietary face-recognition technology.

**Exhibits 2, 3, and 4 to the Provance MSJ Declaration**

9. Facebook seeks to seal limited excerpts of the deposition transcripts of Facebook employees Gary McCoy, Yaniv Taigman, and Omry Yadan, attached as Exhibits 2, 3, and 4 to the Provance MSJ Declaration.

10. In their depositions, Mr. McCoy, Mr. Taigman, and Mr. Yadan testified in detail about Facebook's network architecture, how Facebook's proprietary face-recognition technology works, and the way in which Facebook's computer systems interact with and support Facebook's

face-recognition technology. These portions of the depositions have been designated by Facebook as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Protective Order.

11. Generally speaking, the excerpts from the depositions of Mr. McCoy, Mr. Yadan, and Mr. Taigman for which sealing has been sought reflect the same information reflected in the sealed portions of the McCoy Declaration and should be sealed for substantially the same reasons provided by Mr. McCoy. *See* McCoy Decl. ¶ 17.

**Facebook's Motion for Summary Judgment**

12. In accordance with Local Rule 79-5(d)(1) and this Court's Standing Order, Facebook has redacted certain portions of its Motion for Summary Judgment and supporting briefs that reference or discuss the information identified above that Facebook seeks to maintain under seal.

13. As such, the same compelling reasons as stated above exist to seal these records.

I declare under penalty of perjury under the law of the State of California and the United States that the foregoing is true and correct.

Executed this 17th day of May, 2021, in New York, New York.

*/s/ Lauren R. Goldman*
Lauren R. Goldman