| | |
|---|---|
| 1 | MAYER BROWN LLP |
| | Lauren R. Goldman (*pro hac vice*) |
| 2 | Michael Rayfield (*pro hac vice*) |
| | 1221 Avenue of the Americas |
| 3 | New York, NY 10016 |
| | (212) 506-2500 |
| 4 | lrgoldman@mayerbrown.com |
| | mrayfield@mayerbrown.com |
| 5 | |
| 6 | Matthew D. Provance (*pro hac vice*) |
| | 71 Wacker Drive |
| 7 | Chicago, IL 60606 |
| | (312) 701-8598 |
| 8 | mprovance@mayerbrown.com |

COOLEY LLP
Michael G. Rhodes (116127)
Whitty Somvichian (194463)
101 California Street, 5th Floor
San Francisco, CA 94111
(415) 693-2000
rhodesmg@cooley.com
wsomvichian@cooley.com

Attorneys for Defendant Facebook, Inc.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| CLAYTON P. ZELLMER, | Case No. 3:18-cv-1880-JD |
| Plaintiff, | **DECLARATION OF GARY MCCOY IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |
| vs. | |
| FACEBOOK, INC., | Date: July 8, 2021 |
| Defendant. | Time: 10:00 a.m. |
| | Location: Courtroom 11, 19th Floor |
| | Judge: Hon. James Donato |
| | |
| | **REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED** |

DECLARATION OF GARY MCCOY; CASE NO. 3:18-CV-1880-JD

I, Gary McCoy, declare as follows:

1. I am a Product Manager at Facebook, Inc. ("Facebook"). I have worked at Facebook since May 2017. From then until August 2020, I was the product manager of the Face Recognition product team. My responsibilities in that role included overseeing the implementation of the product's features, developing potential new features, and working with other Facebook teams to confirm that the product complies with all applicable requirements for its operation. I have personal knowledge of how face recognition technology is used in connection with Facebook's services. My knowledge of Facebook's historical practices is based on information I have learned in the course of my work as Product Manager, including through my review of Facebook documents, my understanding of its systems, and my conversations with others at Facebook in the course of my employment. If called to testify regarding the facts set forth in this declaration, I could and would testify competently thereto.

**Facebook's Face Recognition Technology**

2. Face recognition software is applied to some photos uploaded to Facebook. The process involves four steps: (i) "detection," (ii) "alignment," (iii) "representation," and (iv) "classification." ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

*Face Detection*

3. During the detection step, Facebook's software analyzes the pixels in a photo to attempt to determine whether any human faces are present. ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

4. ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

*Alignment/Standardization*

5. If a face is detected, Facebook's software then attempts to locate a set of "fiducial points"—reference points on the image—and "align" the face crop into a standardized format by centering it, orienting it forward, and scaling it in size. ████████████

██████████████████████████████████████

██████████████████████████████

6. ██████████████████████████████

████████████████████████

*Representation*

7. If alignment is successful, Facebook's software analyzes the aligned face crop to attempt to compute a numerical "face signature"—a string of numbers that represents a particular image of a face. ████████████

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

8. ██████████████████████████████

████████████████████████

*Classification*

9. Finally, Facebook's software compares the newly-created face signature with the stored "templates" of a subset of Facebook users who are: (i) eligible for and have enabled face recognition features such that they have a face recognition template; and (ii) connected to the user who uploaded the photo. ████████████

██████████████████████████████████████

████████████████████████

10. ██████████████████████████████

██████████████████████████████

1  ██████████████████████████████████████████████████████████████
2  ██████████████████████████████████████████████████████████████
3       11.   ████████████████████████████████████████████████████
4  ██████████████████████████████████████████████████████████████
5  ██████████████████████████████████████████████████████████████
6  ████████████████████████
7       12.   ████████████████████████████████████████████████████
8  ██████████████████████████████████████████████████████████████
9  ███████████████████████████████████████████████

### *Plaintiff Clayton Zellmer*

13.    Only Facebook users are eligible to have a face template (if they also meet certain additional criteria).  Therefore, Facebook did not create, save, or store a face template for Mr. Zellmer.

14.    The faces of non-users like Mr. Zellmer that appear in photos are anonymous to Facebook. Therefore, it is not possible to identify and exclude non-users like Mr. Zellmer from the initial detection, alignment, and representation steps of the process that are described above.

15.    Because a face template has not been created for Mr. Zellmer, any face signatures created from photos of him that were uploaded to Facebook were not "matched" to any data associated with Mr. Zellmer, and therefore, Mr. Zellmer has never been recognized or identified in content on Facebook through the use of face recognition.

16.   ████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████

**Facebook's Face Recognition System is Confidential and Proprietary**

17.     Facebook maintains as a trade secret technical aspects of its face detection and face recognition technology as described above and as described in my April 21, 2021 deposition in this matter, the October 18, 2016 deposition of Yaniv Taigman in *In re Facebook Biometric Information Privacy Litigation*, Case No. 3:16-cv-03747-JD (N.D.) ("*Facebook Biometric*"), and the October 26, 2017 deposition of Omry Yadan in *Facebook Biometric*.  The information that Facebook maintains as a trade secret includes technical details about different steps of the face detection and face recognition process, changes or updates to the technology that are currently planned or which have occurred over time, and information about the technical infrastructure of Facebook's systems.  Public release of this information would cause Facebook harm by providing competitors—particularly those who also use face recognition—with insight into Facebook's proprietary technology.  For these reasons, among others, Facebook takes reasonable steps to ensure that the foregoing confidential information is not disclosed to competitors or otherwise made publicly known.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.  Executed on May 17, 2021 in Oakland, California.


Gary McCoy