UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAYTON P. ZELLMER,<br><br>    Plaintiff,<br><br>v.<br><br>FACEBOOK, INC.,<br><br>    Defendant. | Case No. 3:18-cv-01880-JD<br><br>**ORDER RE MOTIONS TO SEAL**<br><br>Re: Dkt. Nos. 66, 70, 75, 79 |

The Court has addressed the standards for sealing requests in conjunction with case filings, *see In re Google Play Store Antitrust Litigation*, --- F. Supp. 3d ---, 2021 WL 4190165, (N.D. Cal. Aug. 25, 2021), and that decision is incorporated here.  In pertinent summary, "judicial records are public documents almost by definition, and the public is entitled to access by default." *Id*. at *1 (quoting *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006); *see also Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (when considering a request to seal, "we start with a strong presumption in favor of access to court records.") (quotation omitted).  The party seeking to seal a document bears the burden of articulating "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Id*. (quotation and citation omitted). General assertions of potential competitive or commercial harm are not enough to establish good cause for sealing court records, and the "fact that the parties may have designated a document as confidential under a stipulated protective order is also not enough to justify sealing." *Id*. (citation omitted).

The documents proposed for sealing were produced by Facebook, and used by both parties in conjunction with their briefing on Facebook's motion for summary judgment.  *See* Dkt. Nos. 67, 71, and 76.  As required by Civil Local Rule 79-5, Facebook filed the initial notice of sealing for documents submitted in connection with its briefing, and Zellmer filed the initial notice of

1  sealing for documents submitted with his briefing.  Because all of the documents the parties seek
2  to seal were produced by Facebook, or contain references to materials Facebook produced,
3  Facebook bears the burden of stating why the documents should be sealed under Civil Local Rule
4  79-5.

5        The Court's sealing determinations are stated in the attached chart.  *See* Ex. A.  On the
6  whole, Facebook's motions to seal requested to seal entire documents, and did not propose ways
7  of tailoring sealing to the narrowest possible scope, as required by Civil Local Rule 79-5.  The
8  requests also made conclusory statements about the competitive harm that Facebook will suffer as
9  a result of the documents' disclosure.  Additionally, Facebook publicly announced that it would be
10 suspending use of its facial recognition system, so it is unclear how Facebook could be
11 competitively harmed by the disclosure of documents relating to a system that it no longer uses.
12 *See* Torsten Kracht, Lisa Sotto, & Bennett Sooy, *Facebook Pivots from Facial Recognition System*
13 *Following Biometric Privacy Suit*, REUTERS (Jan. 26, 2022),
14 https://www.reuters.com/legal/legalindustry/facebook-pivots-facial-recognition-system-following-
15 biometric-privacy-suit-2022-01-26/.  Consequently, the majority of the sealing requests are
16 denied.  The Hashimi report, which undertakes analysis of Facebook's source code and contains
17 explicit references to and excerpts of the source code, may be sealed.
18       The "default posture of public access prevails" for the documents that the Court declines to
19 seal.  *In re Google Play Store Antitrust Litigation*, --- F. Supp. 3d ---, 2021 WL 4190165 at *3
20 (quoting *Kamakana*, 447 F.3d at 1182).  The parties are directed to file unredacted versions of the
21 documents on ECF within 7 days of this order.  Civil L.R. 79-5(f).
22       **IT IS SO ORDERED.**
23 Dated:  March 31, 2022

JAMES DONATO
United States District Judge

**Exhibit A to Order re Motions to Seal**

| Document | Information sought to be sealed | Proffered Reason for Sealing | Ruling |
|---|---|---|---|
| **MOTION FOR SUMMARY JUDGMENT** | | | |
| Facebook's Memorandum of Points and Authorities in Support of Motion for Summary Judgment Dkt. No. 67 | Page 1/Line 8<br>Page 2/Lines 4-5<br>Page 5/Lines 1-3, 8-11, 15-17, 21-26<br>Page 6/Lines 1, 5-11, 21-22, 25-27<br>Page 9/Lines 23-24, 26-27<br>Page 10/Lines 27-28<br>Page 11/Lines 19-23<br>Page 12/Lines 4-5<br>Page 15/Lines 5, 23-26<br>Page 16/Lines 11-12<br>Page 18/Line 8<br>Page 20/Lines 7-8 | Discusses confidential and sensitive information that Facebook also seeks to seal. (*See* Dkt. No. 66 a 3-4) | **Denied**. |
| Declaration of Gary McCoy, Dkt. No. 67-2 | Paragraphs 2-12 and 16 | Designated confidential or highly confidential and contains trade secrets about how Facebook designs computer systems and proprietary face-recognition technology. (*See* Dtk. No. 66 at 2; Dkt. No. 66-1 at ¶¶ 7-8) | **Denied**. The declaration portions that Facebook seeks to seal provide highly general explanations of Facebook's face-recognition software. These general, high-level descriptions are not trade-secrets, and Facebook's counsel has already discussed them at length with the Court in public hearings. |
| Excerpted Deposition of Gary McCoy, Dkt. No. 67-5 | Entire Document | Contains confidential details of Facebook's network architecture, face-recognition technology, and computer systems, the disclosure of which would result in competitive harm to Facebook. (*See* Dkt. | **Denied**. The deposition portions that Facebook seeks to seal provide highly general explanations of Facebook's face-recognition software. These general, high-level descriptions are not trade-secrets, and Facebook's counsel has already discussed them at length |

3

| Document | Information sought to be sealed | Proffered Reason for Sealing | Ruling |
|---|---|---|---|
| | | No. 66 at 3; Dkt. No. 66-1 at ¶¶ 10-11) | with the Court in public hearings. |
| Excerpted Deposition of Yaniv Taigman, Dkt. No. 67-4 | Entire Document | Contains confidential details of Facebook's network architecture, face-recognition technology, and computer systems, the disclosure of which would result in competitive harm to Facebook. (*See* Dkt. No. 66 at 3; Dkt. No. 66-1 at ¶¶ 10-11) | **Denied.** The request is overbroad, and is not narrowly tailored. It includes background information about the deponent that is clearly not confidential, as well as including high level discussions of Facebook's technology. |
| Excerpted Deposition of Omry Yadan, Dkt. No. 67-6 | Entire Document | Contains confidential details of Facebook's network architecture, face-recognition technology, and computer systems, the disclosure of which would result in competitive harm to Facebook. (*See* Dkt. No. 66 at 3; Dkt. No. 66-1 at ¶¶ 10-11) | **Denied**. The deposition portions that Facebook seeks to seal provide highly general explanations of Facebook's face-recognition software. These general, high-level descriptions are not trade-secrets, and Facebook's counsel has already discussed them at length with the Court in public hearings. |
| **OPPOSITION TO MOTION FOR SUMMARY JUDGMENT** | | | |
| Zellmer's Opposition to Motion for Summary Judgment, Dkt. No. 71 | Page 1/Lines 10-16, 20<br>Page 2/Lines 1-8, 16-19, 23-26<br>Page 3/Lines 1-23<br>Page 4/Lines 1-9<br>Page 5/Lines 5-20, 23-26<br>Page 6/Lines 1-4, 7-14<br>Page 7/Lines 17-20<br>Page 8/Lines 6, 24-27<br>Page 14/Lines 6-13<br>Page 15/Lines 4-14 | Discusses documents and materials that have been designated as confidential. (*See* Dkt. No. 70-1 at ¶ 4c) | **Granted in part.** The request is granted for the following pages and lines:<br><br>Page 2/Lines 16-19<br>Page 3/Lines 1-23<br>Page 4/Lines 1-9<br>Page 15/Lines 4-14<br><br>These portions cite to the Hashimi Report, for which Facebook has made a showing of compelling reasons for sealing. |

4

| Document | Information sought to be sealed | Proffered Reason for Sealing | Ruling |
|---|---|---|---|
| Exhibit 1 to Opposition | Entire Document | Designated confidential by Facebook during discovery.  (*See* Dkt. No. 70-1 at ¶ 4b) | **Denied.**  No further showing was made by Facebook to demonstrate why this document should be sealed, and the document contains a public post on Facebook about tagging. |
| Excerpted Deposition of Robert Sherman, Exhibit 2 to Opposition | Entire Document | Designated confidential by Facebook during discovery.  (*See* Dkt. No. 70-1 at ¶ 4b) | **Denied.**  No further showing was made by Facebook to demonstrate why this document should be sealed. |
| Excerpted Deposition of Yaniv Taigman, Exhibit 3 to Opposition | Entire Document | Contains proprietary and confidential information about Facebook's face recognition technology, the disclosure of which would put Facebook at competitive disadvantage.  (*See* Dkt. No. 79 at 4-5) | **Denied.**  The excerpts discuss Facebook's face recognition technology at a high level that does not disclose information that would put Facebook at a competitive disadvantage. |
| Exhibit 4 to Opposition | Entire Document | Contains proprietary and confidential information about Facebook's face recognition technology, the disclosure of which would put Facebook at competitive disadvantage.  (*See* Dkt. No. 79 at 4-5) | **Denied**.  The document discusses the face recognition technology at a high level that does not disclose information that would put Facebook at a competitive disadvantage.  These general, high-level descriptions have already been discussed by Facebook's counsel with the Court in public hearings. |
| Exhibit 5 to Opposition | Entire Document | Designated confidential by Facebook during | **Denied.**  No further showing was made by Facebook to demonstrate |

5

| Document | Information sought to be sealed | Proffered Reason for Sealing | Ruling |
|---|---|---|---|
| | | discovery. (*See* Dkt. No. 70-1 at ¶ 4b) | why this document should be sealed. |
| Expert Report of Dr. Atif Hashimi, Exhibit 6 to Opposition | Entire Document | Report contains detailed analysis of Facebook's source code and other documents relating to Facebook's face recognition technology, which would put Facebook at a competitive disadvantage if disclosed. (*See* Dkt. No. 79 at 4) | **Granted.** The report discusses Facebook's face recognition in great detail, including with reference to specific portions of Facebook's source code. |
| Excerpted Deposition of Dan Barak Exhibit 7 to Opposition | Entire Document | Contains confidential details of sources of data that Facebook collects, the disclosure of which would cause competitive harm to Facebook. (*See* Dkt. No. 79 at 3) | **Denied.** The document discusses data sources and technology at a high level that does not disclose information that would put Facebook at a competitive disadvantage. |
| Exhibit 8 to Opposition | Entire Document | Contains proprietary and confidential information about Facebook's face recognition technology, the disclosure of which would put Facebook at competitive disadvantage. (*See* Dkt. No. 79 at 4-5) | **Denied.** The document contains high level discussions of potential improvements to the face recognition technology. It does not contain details about how the technology works or how improvements would be implemented. Facebook has not provided compelling reasons for why the disclosure of this document would cause competitive harm. |

| Document | Information sought to be sealed | Proffered Reason for Sealing | Ruling |
|---|---|---|---|
| Exhibit 9 to Opposition | Entire Document | Designated confidential by Facebook during discovery. (*See* Dkt. No. 70-1 at ¶ 4b) | **Denied.** No further showing was made by Facebook to demonstrate why this document should be sealed. |
| Exhibit 10 to Opposition | Entire Document | Contains proprietary and confidential information about Facebook's face recognition technology, the disclosure of which would put Facebook at competitive disadvantage. (*See* Dkt. No. 79 at 4-5) | **Denied.** The document is an assignment for improvements to the face recognition technology, but does not describe any details about the technology. Facebook has not provided compelling reasons for why the disclosure of this document would cause competitive harm. |
| Exhibit 11 to Opposition | Entire Document | Designated confidential by Facebook during discovery. (*See* Dkt. No. 70-1 at ¶ 4b) | **Denied.** No further showing was made by Facebook to demonstrate why this document should be sealed, and the document is an issued patent, which is already public. |
| Excerpted Deposition of Gary McCoy, Exhibit 12 to Opposition | Entire Document | Contains confidential details of Facebook's face-recognition technology, the disclosure of which would result in competitive harm to Facebook. (*See* Dkt. No. 66 at 3; Dkt. No. 66-1 at ¶¶ 10-11) | **Denied**. The deposition portions that Facebook seeks to seal provide only high level explanations of Facebook's face-recognition software. These general, high-level descriptions are not trade-secrets, and Facebook's counsel has already discussed them at length with the Court in public hearings. |

| Document | Information sought to be sealed | Proffered Reason for Sealing | Ruling |
|---|---|---|---|
| Exhibit 15 to Opposition | Entire Document | Designated confidential by Facebook during discovery.  (*See* Dkt. No. 70-1 at ¶ 4b) | **Denied.**  No further showing was made by Facebook to demonstrate why this document should be sealed. |
| Exhibit 16 to Opposition | Entire Document | Designated confidential by Facebook during discovery.  (*See* Dkt. No. 70-1 at ¶ 4b) | **Denied.**  No further showing was made by Facebook to demonstrate why this document should be sealed. |
| Exhibit 17 to Opposition | Entire Document | Contains proprietary and confidential information about Facebook's face recognition technology, the disclosure of which would put Facebook at competitive disadvantage.  (*See* Dkt. No. 79 at 4-5) | **Denied.**  The document discusses face recognition at a high level in connection with product launch.  Facebook has not provided compelling reasons for why the disclosure of this document would cause competitive harm. |
| **REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** | | | |
| Facebook's Reply in Support of its Motion for Summary Judgment, Dkt. No. 76 | Page 1/Line 13<br>Page 2/Lines 12-13<br>Page 3/Line 28<br>Page 4/Lines 5, 11-12, 23<br>Page 8/Line 27<br>Page 9/Lines 18-19, 23-24<br>Page 10/Lines 10-14 | Discusses documents and materials that have been designated as confidential.  (*See* Dkt. No. 79 at 5) | **Denied.** |