UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAYTON P. ZELLMER, *on behalf of himself and all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>FACEBOOK, INC.,<br><br>Defendant. | Case No. 3:18-cv-01880-JD<br><br>**ORDER RE STANDING** |

**BACKGROUND**

Plaintiff Clayton Zellmer sued defendant Facebook, Inc. (Facebook) on behalf of himself and a putative class for violating the Illinois Biometric Information Privacy Act (BIPA). Dkt. No. 1. The complaint presented a single claim alleging that Facebook had violated Section 15(a) of BIPA by not making available to the public a written policy for the retention and destruction of biometric information, and Section 15(b) by collecting biometric information without prior written and informed consent. *See id.* ¶¶ 47-56. The details of Zellmer's claim and the case as a whole are stated in the Court's summary judgment order. *See Zellmer v. Facebook, Inc.*, Case No. 3:18-cv-01880-JD, 2022 WL 976981 (N.D. Cal. Mar. 31, 2022). That discussion is incorporated here.[1]

Summary judgment was granted in favor of Facebook on the Section 15(b) portion of the claim, which was the main thrust of the complaint. *See id.* Summary judgment was denied for the

---

[1] The Court has written extensively on BIPA in other cases, and these decisions provide additional background. *See In re Facebook Biometric Info. Privacy Litig.*, 185 F. Supp. 3d 1155 (N.D. Cal. 2016) (motions to dismiss and for summary judgment); *In re Facebook Biometric Info. Privacy Litig.*, 326 F.R.D. 535 (N.D. Cal. 2018) *aff'd sub nom*, *Patel v. Facebook, Inc.*, 932 F.3d 1264 (9th Cir. 2019) (class certification); *Patel v. Facebook Inc.*, 290 F. Supp. 3d 948 (N.D. Cal. 2018) (motion to dismiss); *In re Facebook Biometric Info. Privacy Litig.*, No. 15-cv-3747-JD, 2018 WL 2197546 (N.D. Cal. May 14, 2018) (summary judgment); *In re Facebook Biometric Info. Privacy Litig.*, 522 F. Supp. 3d 617 (N.D. Cal. 2020) (final settlement approval and attorney's fees award), *aff'd*, No. 21-15553, 2022 WL 822923 (9th Cir. 2022) (unpublished) (attorney's fees).

1  Section 15(a) portion of his claim, mainly because of fact disputes not suited to resolution on the
2  papers. *See id*. at *5.
3  Throughout this case, the question of Zellmer's standing to sue has been in play. Early on,
4  Facebook asked to dismiss the case under Federal Rule of Civil Procedure 12(b)(1) for lack of
5  standing. *See* Dkt. No. 22. In Facebook's view, Zellmer had not plausibly alleged a concrete and
6  particularized injury from the alleged violations of BIPA. *See id.* at 4-6. Zellmer opposed the
7  motion and argued strenuously for standing. *See* Dkt. No. 26 at 2-4. The Court put the standing
8  dispute on hold for a time to allow for publication of potentially relevant decisions in pending
9  appellate cases. *See* Dkt. No. 33. The Court raised standing again at a conference in May 2022,
10 after the summary judgment order was filed, and pressed each side for their views on the question.
11 *See* Dkt. No. 100 at 3-13.
12 Overall, the parties have had multiple opportunities to state their positions on standing, to
13 the point where further briefing would be duplicative and unnecessary. *See Scholastic Ent., Inc. v.*
14 *Fox Ent. Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003). The Section 15(a) claim is dismissed for
15 lack of standing, and the case is ordered closed.

## DISCUSSION

The "case or controversy" requirement of Article III of the United States Constitution "limits federal courts' subject matter jurisdiction by requiring, inter alia, that plaintiffs have standing." *Chandler v. State Farm Mut. Auto Ins.*, 598 F.3d 1115, 1121 (9th Cir. 2010). "[A] plaintiff must demonstrate standing to sue by alleging the 'irreducible constitutional minimum' of (1) an 'injury in fact' (2) that is 'fairly traceable to the challenged conduct of the defendants' and (3) 'likely to be redressed by a favorable judicial decision.'" *Patel v. Facebook, Inc.*, 290 F. Supp. 3d 948, 952 (N.D. Cal. 2018) (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016)). To demonstrate an injury in fact, the plaintiff must show that he has "suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo*, 578 U.S. at 339 (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)).

2

"Standing is an ongoing inquiry, and '[t]he need to satisfy these three [Article III standing] requirements persists throughout the life of the lawsuit.'" *Trump v. Twitter, Inc.*, ___ F. Supp. 3d ___, 2022 WL 1443233, at *7 (N.D. Cal. May 6, 2022) (quoting *Wittman v. Personhuballah*, 578 U.S. 539, 543 (2016)). "A plaintiff must establish standing with the 'manner and degree of evidence required at the successive stages of the litigation.'" *Carrico v. City & Cnty. of San Francisco*, 656 F.3d 1002, 1006 (9th Cir. 2011) (quoting *Lujan*, 504 U.S. at 561). "The Court has an independent duty to be vigilant about standing." *Trump*, 2022 WL 1443233, at *7. "It has long been held that a judge can dismiss sua sponte for lack of jurisdiction." *Cal. Diversified Promotions, Inc. v. Musick*, 505 F.2d 278, 280 (9th Cir. 1974). That is all the more true when, as here, the "parties have previously argued the issue of jurisdiction." *Ho v. Russi*, 45 F.4th 1083, 1086 (9th Cir. 2022).

The summary judgment order crystalized the question of standing with respect to the sole remaining claim under Section 15(a). In the order, the Court directed the parties to be prepared to discuss at an ensuing conference "whether the lack of a public policy as contemplated by Section 15(a) is a single violation that warrants a single liquidated damages or actual damages award, or some other remedy." *Zellmer*, 2022 WL 976981, at *5. The Court took supplemental briefing on the question, and the discussion highlighted two BIPA decisions by the Seventh Circuit that reached different outcomes on standing to bring a Section 15(a) claim. *See Fox v. Dakkota Integrated Sys., LLC*, 980 F.3d 1146 (7th Cir. 2020) (finding standing); *Bryant v. Compass Grp. USA, Inc.*, 958 F.3d 617 (7th Cir. 2020) (denying standing).

The standing problem for Zellmer is that he did not plausibly allege, or otherwise identify in subsequent arguments, a concrete and particularized harm with respect to Section 15(a). As Section 15(a) provides in pertinent part, a "private entity in possession of biometric identifiers or biometric information must develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information." 740 Ill. Comp. Stat. 14/15(a).

The thrust of Zellmer's claim is that Facebook did not have "written, publicly available policies identifying its retention schedules or guidelines for permanently destroying non-users'

3

1   biometric identifiers or information." Dkt. No. 1 ¶ 27. Zellmer's standing to sue on this claim has
2   never been demonstrated. As the Court concluded in *In re Facebook*, there is "little doubt about
3   the [Illinois] legislature's judgment that a violation of BIPA's procedures would cause actual and
4   concrete harm." *Patel*, 290 F. Supp. 3d at 953. But this does not mean that every plaintiff
5   necessarily has standing to sue under BIPA. Article III standing depends on a case-specific
6   analysis that considers the statutory violation at issue and its effect on the plaintiff seeking to
7   litigate in federal court. A statutory violation "must affect the plaintiff in a personal and
8   individual way." *Spokeo*, 578 U.S. at 339 (internal quotation and citation omitted). "Only those
9   plaintiffs who have been *concretely harmed* by a defendant's statutory violation may sue that
10  private defendant over that violation in federal court." *TransUnion LLC v. Ramirez*, 141 S. Ct.
11  2190, 2205 (2021) (emphasis in original).

12  The plaintiff's allegations of injury effectively decide the question of standing. The
13  decisions by the Seventh Circuit underscore this point. In *Bryant*, the plaintiff alleged, as here,
14  that the defendant had violated Section 15(a) by not making publicly available a data-retention
15  policy or guidelines for destroying the biometric information that was collected. *Bryant*, 958 F.3d
16  at 619. The Seventh Circuit concluded that the plaintiff lacked standing to pursue this claim
17  because she had not identified a particularized harm from this alleged failure. *See id.* at 626. That
18  is because "the duty to disclose" a written policy under Section 15(a) "is owed to the public
19  generally, not to particular persons whose biometric information the entity collects." *Id.*

20  In *Fox*, the plaintiff alleged that her former employer violated Section 15(a) by not
21  developing, publicly disclosing, and complying with a data-retention policy, which was said to
22  have "resulted in the unlawful retention of her handprint after she left the company," and the
23  "unlawful sharing of her data with a third-party database administrator with unknown security
24  practices." *Fox*, 980 F.3d at 1154-55. In these circumstances, which entailed the identification of
25  concrete and particularized harms, the Seventh Circuit concluded that the plaintiff had standing to
26  sue under Section 15(a). *See id.* at 1154-56.

27  These are not conflicting opinions by different circuit court panels. *Fox* expressly
28  acknowledged the prior outcome in *Bryant*, and distinguished it in light of the additional, specific

facts about injury under Section 15(a) that plaintiff Fox had alleged. *See id.* at 1154. A subsequent Seventh Circuit decision acknowledged this distinction, and concluded that the outcomes in *Fox* and *Bryant* were different precisely because "the result of the standing inquiry for the identical section of a statute will depend on what that section provides and what the plaintiff has alleged." *Thornley v. Clearview AI, Inc.*, 984 F.3d 1241, 1246 (7th Cir. 2021). Put more simply, the plaintiff's "allegations matter," *id.*, and will result in different outcomes for standing as the facts warrant.

Although the Seventh Circuit decisions are not, strictly speaking, binding on the Court, their reasoning about standing in BIPA cases is persuasive. Zellmer has not argued otherwise, or shown that the Ninth Circuit would have reached different conclusions. Both circuits are bound by the same standards governing Article III standing in federal courts. *See Bryant*, 958 F.3d at 620-21 (to have standing, a plaintiff "must have suffered an actual or imminent, concrete and particularized injury-in-fact") (citing *Lujan*, 504 U.S. at 560-61); *Patel v. Facebook, Inc.*, 932 F.3d 1264, 1270 (9th Cir. 2019) ("To establish Article III standing, a plaintiff 'must have suffered an "injury in fact" -- an invasion of a legally protected interest which is (a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical.'") (quoting *Lujan*, 504 U.S. at 560).

Using the Seventh Circuit's framework, Zellmer's complaint falls squarely within *Bryant*. It alleges only that Facebook did not publicly disclose its data-retention policies, which is a duty it owed to the public at large. *See Bryant*, 958 F.3d at 626. In effect, Zellmer alleged a bare violation of that public obligation, without stating how that affected him personally or individually in any way. Zellmer did not provide any additional facts in subsequent arguments about standing to the Court. The complaint makes a vague allusion to an ostensible injury to Zellmer's "rights" under BIPA, Dkt. No. 1 ¶ 55, but this is not tied specifically to Section 15(a), and does not allege a concrete and particularized harm to Zellmer. Arguably under *Bryant*, every member of the public could say the same with respect to the public disclosure obligation in Section 15(a). This will not do for standing. *See TransUnion*, 141 S. Ct. at 2214 ("An asserted informational injury that causes no adverse effects cannot satisfy Article III.") (internal quotation and citation omitted).

Consequently, Zellmer lacks Article III standing to pursue his Section 15(a) BIPA claim, which is the only remaining claim in the case. As the Court indicated at the hearing, it is too late in the day for Zellmer to amend as a matter of course, Dkt. No. 100 at 12-13, and Zellmer has not asked to amend, or said that he has facts that might change the standing analysis. The record also indicates that any additional allegations he might put forward for standing would necessarily be based on information available to him throughout the litigation. *See Chodos v. West Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002). The case is dismissed without prejudice. *See Wilkins v. Livingston*, No. 16-cv-07016-JD, 2019 WL 1493190, at *1 (N.D. Cal. Apr. 4, 2019).

**IT IS SO ORDERED.**

Dated: November 14, 2022

JAMES DONATO
United States District Judge